### Port Huron Company, Limited, for use, etc., v. William H. Miller.

1. . VERDICT—*when set aside.*   A verdict will be set aside on appeal where it is clearly and manifestly against the weight of the evidence.

Action of assumpsit.    Error to the Circuit Court of Champaign County; the Hon. SOLON PHILBRICK, Judge, presiding.    Heard in this court at the November term, 1905.    Reversed and remanded.  Opinion filed June 8, 1906.

THOMAS J. SMITH, for plaintiff in error.

C. R. INNGERICH and J. L. RAY, for defendant in error.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

Plaintiff in error brought suit against defendant in error to recover the sum of $75 upon an account for the sale of one three-section drag, which account was not disputed, but admitted by defendant in error to be correct.    Upon the trial, Miller, the defendant in error, presented an offset, the main item of which was for an alleged commission in the sum of $120 claimed by him to be his due from plaintiff in error upon the sale of one corn sheller by Miller, as agent for plaintiff in error, to one Busey.   There was a verdict and judgment in favor of Miller upon his offset, and the company prosecuted a writ of error.

The only controversy in the case was whether or not

plaintiff in error owed Miller upon his cross-claim for commission. The evidence upon that claim may be briefly summarized as follows: Miller entered into a written contract with plaintiff in error which, among other things, provided that Miller was to become the agent of plaintiff in error at Champaign to sell the said company's machinery in preference to any other make or kind and to sell according to the warranties, directions and instructions of the company upon a commission of twenty-five per cent. Miller was to do all the work of selling, settling for, delivering and starting machinery sold under the contract, while the contract also provided that the company's men who assisted an agent should do so as the agent's employees during the time that they were with the agent.

Miller testified: "I have a charge for commission for the sale of a corn sheller to Busey of $120; I was the cause of it being sold. The contract for the sale of the sheller was written by another party after the contract of agency between the company and myself was made and in force. I communicated the sale to the company at Peoria by telephone."

Busey testified upon the part of the plaintiff in error that he bought the corn sheller from one Swansen, another agent of the company, and not from Miller; that he did not talk at all with Miller about buying this sheller and made no inquiry of him in regard to it.

Swansen testified that he sold Busey the sheller and that he had no information or direction from the company or any of its employees about the sale of the machine and did not know that Miller had anything to do with the sale; that he took a written order from Busey for it and the order was filled by the company and Busey paid the company direct; that the sheller was shipped direct from the factory to Busey and was not shipped to Miller; and that at the time of the sale to Busey he did not know that Miller was the local agent of the company.

The written contract between the parties did not give to Miller the exclusive right to sell the company's goods in

the territory around Champaign; yet we would be disposed to hold that on any sale, the making of which Miller was the cause, or which was made by reason of his first calling the attention of the buyer to the specific goods of the company, he would be entitled to a commission, although the goods might be delivered by some field agent of the company and the details of the sale closed by such field agent; but it was certainly incumbent upon Miller, to entitle him to recover, to have shown one of the above conditions, and upon such issue the burden of proof was upon him.

His case rested upon his testimony alone which was of a very unsatisfactory nature, while upon the part of the plaintiff in error two witnesses testified in substance that he, Miller, had nothing whatever to do with the sale, and that the sale was not brought about in any way by reason of his agency. Upon this issue Miller not only failed to support his case by the preponderance of the evidence, but upon the contrary the manifest weight of the evidence was clearly against him and the verdict should have been set aside.

It was also error to give instructions number four for defendant in error which in substance told the jury that the plaintiff must prove by a preponderance of all the evidence his right to recover the amount claimed to be due. The claim of plaintiff in the suit for $75 for a drag was not disputed at all, but was admitted by Miller as a just and proper account and by him allowed as a credit upon his claim or set-off, while upon the claim for commission the burden of proof was not upon the plaintiff, who was contesting and denying the claim, but was upon Miller who asserted it.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*